Kent, Ch. J.
delivered the opinion of the court.
The first question in this case is, whether the executors are entitled to añ action of trespass for the injury alleged.
The statute, (Laws, vol. I. 536.) gives to executors an action of trespass for taking and carrying away the goods of their testator in his life-time. This statute was borrowed from 4 E. hi. c. 7. which had made a similar provision ; and by the equity and liberal construction of that statute, it has been extended to almost every injux-ydone to the personal estate of the testator before his death. {Toller'' s Law of Ex. 121. 345.) It applies to wasting and. destroying, as well as to taking'and cari-ying away the goods of the testator. Our act goes further, and makes thisconclusion inevitable. It gives to executors an action oftrespass against the executors and administrators of any person, who in his life-time had wasted, destroyed, taken or carried away the pei’sonal property of their testator. As the present action would, therefore, have lain against the executors and administrators of Croy, if he had died since the trespass, it is .absurd to suppose that a like action is not maintainable against him. The whole section, taken together, most clearly authorizes the present suit.
*229 The next question is, whether the replication is not good.
The plaintiffs are, in justice, entitled to recover ; for it is manifest, from the facts disclosed by the replication, that their testator never received any compensation for the injury now complained of; and it was upon the motion of the defendant, that the injury now charged, was not submitted tothe consideration of the jury. The present demand has never been satisfied, and the record of the former recovery is no bar, because it is clearly shown by the replication, that the present trespass was not inquired into in the former action. A recovery in a former action, apparently for the same cause, is only prima facie evidence, that the subsequent demand has been tried, but it is not conclusive. The case of Seddon v. Tutpot, (6 Term. 607.) is very pointed and perfectly applicable; and if the reasoning in that case be sound, and of which I entertain no doubt, it is á decisive authority. That was an action of assumpsit for. goods sold, to which there was a plea of a former recovery, and a replication that the promise in the last suit was not the same promise, for the non-performance of which, a sum of money was recovered in the same action. Upon the trial it apr peared, that the former suit was upon a promisory note, and for goods sold, and that upon the execution of the writ of inquiry, the plaintiff not being prepared with proof as to the goods sold, took an inquisition for the amount of the note only, and brought a new suit for the goods sold: Upon these facts the court of King’s Bench ruled that the former recovery was no bar, and they referred to the case of Kitchen v. Campbell, (3 Wils. 304.) where it was determined, that the test to know whether a verdict, and judgment, in a former action, is a bar, is whether the same evidence will support both actions.
The only remaining question then is, as to the form of the replication, and in this respect I think it defective. It is argumentative, instead of traversing and denying a *230 former recovery for the same matter. The matter con-Gained in the protestando, should have formed the substance of the replication; for if the facts averred can be supported, the trespass alleged in this action, is not the same for which damages were given, and a recovery had, in the former action.
The plaintiffs ought, therefore, to have leave to amend their replication, on payment of costs.