The opinion of the Court was delivered by
Johnson, J.
This cause was tried before myself, and I distinctly stated to the jury, that the facts proven in relation to the land granted to Hutchison, did not, in my opinion, constitute such a possession as divested the plaintiffs of the title, and upon the best reflection, I am yet satisfied with that opinion. The plaintiffs having, as to that part of the land granted to Word, acquiesced in the verdict, the only question is, whether the occasional cutting of timber, and the exercise of such other acts of ownership over it as men are accustomed to do over woodland, is such a possession as will divest the owner of the right to the soil under the statute of limitation ?
It is not necessary, to the consideration of this question, to examine minutely all the provisions of the statute. It is sufficient to remark, that *580 a possession of five years is a bar to the plaintiff’s right to recover, and what shall constitute the evidence of that possession is the only question. In the case of Jackson v. Schoonmaker, (2 John. Rep. 230,) the Court held, that it should consist in “ a real, substantial inclosure, an actual occupancy, a pedis possessio, definite, positive and notorious.” The good sense of these positions is, I think, apparent; they furnish on the one hand evidence of the honesty of the possession, and on the other they are calculated to apprise the plaintiff, unless he shuts his eyes upon it, that he who has such a possession, disregards his right or claims in hostility to him, and enables him to sue. But not so with him who enters only occasionally; he commits a petty trespass, and disappears without scarcely leaving a mark behind, and if discovered at all, the owner *is rather content to submit to it than seek redress through 4t>-' the means of a protracted and expensive lawsuit; or it may be done so secrectly as to elude detection; and it would be monstrous to allow one man to filch away the land of his neighbor without the possibility of guarding himself against it.
O'Neal, for the motion. M'Dujfie, contra.
But it is sought to take this case without these rules, by extending the defendant’s possession without the plaintiffs’ lines, to the extent of his grant, on the doctrine, that a possession of a part is the possession of the whole. This argument is answered already, and all the objections which apply to the first position, apply to this with increased force; until a trespass had been committed, the plaintiff could not maintain his action, and this would be divesting him without the possibility of his guarding against it. I am therefore of opinion that a repetition of casual trespasses ad infinitum, are but trespasses still, and is not such a possession as would bar the plaintiff’s right to recover; and I am inclined to think, for the same reasons, that this rule ought to prevail, whether the lands could be usefully occupied or possessed in any other way or not, as the same objections would equally apply.
This rule has a direct application to the facts in this case, and a new trial ought to be granted.
Colcock, ÍTott, Richardson, Gannt and Huger, concurred.