IN HEARD SUPERIOR COURT.

## JOSEPH CROCKETT vs. JOHN ROUTON.

*Case.    On Appeal, Verdict for Plaintiff, and Motion for New Trial.*

Parol evidence which denies or varies a record, is inadmissible.

To determine whether a former recovery is a bar to a subsequent action, a good test is, whether the same evidence will support both actions.

If the *parties*, the *subject-matter of the suit*, and *the evidence*, be the *same*, the former recovery is a bar.

THE plaintiff on the 12th April, 1831, instituted his action on the case, against the defendant, to recover the price of a boat, which he alleges in his declaration, defendant conveyed to him on the 10th January, 1829, for the sum of $105, and that he has paid defendant for the same said sum of money—he farther alleges that at the time of the sale of the boat to him, it was subject to judgments obtained against one William Reid, who had previously been the owner of the boat, and was levied upon by virtue of executions against said Reid, and sold as his property.

To this action, defendant pleads a former verdict and judgment between the same parties, obtained in the county of Merriwether, in bar of the plaintiff's right to recover ; and in support of his plea, produced an exemplification from the Superior Court of Merriwether county, from which it appears, that on the 19th day of January, 1829, Crockett executed his note to Routon, the present defendant, for one hundred and fifty bushels of good sound merchantable corn, to be delivered at Routon's landing, which was made payable 15th February, after date. It also appears from said exemplification, that Routon, who was the payee, on the 31st August, 1829, instituted suit upon the note in his own name against Crockett, the maker and present plaintiff, in the said Superior Court of Merriwether. To this suit, Crockett, the then defendant, filed his plea, alleging among other things " that the *consideration* for which said promises and undertakings set forth in plaintiff's declaration were made, had *totally* failed, in this, that defendant made such promise and undertaking in consideration of the purchase of a boat from plaintiff, running in the Chattahoochee river, which boat was afterwards, to wit, after the date of the promise and undertaking set forth in the plaintiff's declaration, levied upon and sold under an execution against one William Reid, as the property of said Reid, and this de-

fendant has by said sale been deprived and dispossessed of the right, title, possession and interest to, and profit arising from said boat, so conveyed by plaintiff to defendant, of all which this defendant puts himself upon the country, &c." Upon the trial of this issue on the appeal, the jury found a verdict in favor of the plaintiff for one hundred and five dollars. On the trial of the case in Heard Court, the defendant's counsel moved the court to sustain his plea in bar, upon the ground, that the same subject matter of the plaintiff's alleged cause of action, had once been *adjudicated,* as appeared from the exemplification of the record from Merriwether, which had been produced, and by which plaintiff was estopped from farther proceeding here. To this plaintiff's counsel replied, that the judge before whom the cause in the county of Merriwether was tried, charged the jury who tried it, that the evidence on the part of defendant in that action, only amounted to a *partial failure* of consideration, and according to law, the jury ought not to consider it, but should find for plaintiff the amount of the note sued on, and proposed to make proof of these facts. The court doubted whether it was *competent* for the plaintiff to make such proof of *parol* testimony, inasmuch as the record was the best evidence as to what facts were put in issue on the trial, and as the plea alleged a *total failure* of consideration, and remained entire. The court, however, upon the statement of counsel that this testimony had been admitted on the former trial, and entertaining some doubt upon the subject, admitted the testimony with the express declaration, that if the jury found for the plaintiff, defendant's counsel should have a rule to show cause why the verdict should not be set aside. The jury found a verdict for plaintiff of $105 with costs, and defendant's counsel accordingly moved a rule to set aside the verdict, on the ground " that the court erred in overruling the plea in bar, and permitting parol evidence to be received to deny and vary the record of the case pleaded in bar."

The consideration of this question naturally leads us to inquire into the object and effect of a judicial record. " A judicial record is that which contains the acts and judicial proceedings of a court of record—enrolled in parchment for a perpetual memorial and testimony, which rolls are called the records of the court, and are of such high and super-eminent authority, that their truth is not to be called in question ; for it is a settled rule and maxim, that nothing shall be averred *against* a record, nor shall any plea or even proof be admitted to the contrary." 3 Blk. Com. 25. Sir Edward Coke observes, " a record or enrolment is a monument of so high a nature, and importeth in itself such absolute verity, that if it be pleaded that there is no such record, it shall not receive any trial by witness, jury or otherwise, but only by itself." 1 In. 117, cited 3 Blk. Com. 331. Thus we are to understand

HEARD.

CROCKETT
v.
ROUTON.

that the *judicial* records of the courts are considered of such authority, that no evidence is allowed to contradict them. " If a verdict finding several issues were to be produced in evidence, the opposite party would not be allowed to show that no evidence was offered on one of the issues, and that the finding of the jury was indorsed on the postea by mistake." Reed *v.* Jackson, 1 East, 355. cited 1 Phil. on Ev. 238. The court determines the *general rule* to be as laid down by the authorities upon this subject, that the *merits* of a question which has been directly adjudged by a court of competent jurisdiction, cannot be tried over again between the same parties, in any shape whatever. The rule is believed to be founded in good reason and sound policy. Let us see how far it is applicable to the present case. The former action was between the same parties, and the record shows that the same *subject matter* of the present action was then put in issue between them—the judgment on that issue was *anterior* to the commencement of the suit at bar—the *merits* of the *sale* of the boat from Routon to Crockett formed the subject matter of judicial investigation by a competent tribunal on the former trial. In the case of Kitchen *v.* Campbell, 3 Wils. 304, cited 2 John. Rep. 230, it was determined " that the *test* to know whether a verdict and judgment in a former action is a bar, is whether the same evidence will support both actions." According to this test, no doubt can exist but that the same *evidence* which would have enabled the defendant in the former action to sustain his plea of a total failure of consideration, would also enable him to maintain his action against the present defendant. In fact the averment in the present declaration is in substance the same as the plea to the former action. It has been laid down by high authority " that the judgment of a court of concurrent jurisdiction directly upon the point, is as a plea or bar, and as evidence conclusive between the same parties upon the same matter directly in question in another court." 1 Starkie Ev. 190. It is not necessary that the fact to be proved by the record should have been *solely and specifically* put in issue on the *former trial,* it is sufficient if it was a fact *essential* to the finding of that verdict. 1 Stark. Ev. 200. See the case of Jones *v.* Scriven, 8 John. Rep. marginal, page 453, also see 2 John. 210 ; 11 John. 530. How far the court would have been justifiable in admitting testimony to show that the defendant introduced no evidence in support of his plea, on the former trial, it gives no opinion. If the plea was not legally supported, the defendant should have stricken it out, or have withdrawn it, but as he suffered it to remain, and introduced testimony to the jury in support of it, he must abide the legal consequences thereof. Let the verdict be set aside, and a new trial be granted.