WALLACE v. OCEAN GROVE CAMP MEETING ASS'N OF METHODIST
EPISCOPAL CHURCH.

(Circuit Court of Appeals, Third Circuit. November 22, 1906.)

No. 19

1. LANDLORD AND TENANT—ACTION BY LANDLORD TO RECOVER POSSESSION—DE-
FENSES.
    A tenant, who repudiates that relation and claims title adversely to the
landlord, cannot defend against an action by the landlord to recover pos-
session on the ground of the insufficiency of the notice to terminate the
lease.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and
Tenant, § 1191.]

2. SAME.
    A tenant, who paid rent under a lease up to the time of being served
with notice terminating the same, cannot deny his landlord's title in an
action to recover possession, although he was in possession prior to the
execution of the lease.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and
Tenant, § 168.]

In Error to the Circuit Court of the United States for the District
of New Jersey.

Thomas E. French, for plaintiff in error.

James Buchanan, for defendant in error.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. This is a writ of error to the
Circuit Court for the District of New Jersey. In that court the Ocean
Grove Camp Meeting Association recovered a verdict in ejectment
against Mrs. Margaret L. Wallace, individually and as executrix of
Adam Wallace, deceased, for certain lots in the township of Neptune,
Monmouth county, N. J. On entry of judgment she sued out this
writ, assigning for error the action of the court in directing the ver-
dict for plaintiff and in refusing to direct it for defendant.

In the trial of the cause it was shown that in 1870 one Osborn, who
was in possession of the land in question, made a deed therefor to
the plaintiff association, under which it entered. It was also shown
that on December 18, 1895, the plaintiff association by writing, also
signed by the husband and devisor of the defendant, leased said prem-
ises to him for one year from the 1st of April, 1896, at a rental of $150.
The lease stipulated that:

"The said Rev. A. Wallace, his executors and administrators, * * * at
the expiration of the said term will yield up and surrender the possession of
the said premises unto the said party of the first part, its successors and as-
signs, in the same good order and condition as the same now are, reasonable
wear and tear thereof and accidents happening by fire or other casualties ex-
cepted. And it is hereby agreed between the said parties, for themselves, their
legal representatives, and assigns, that this lease shall continue from year to
year, on the terms aforesaid and for the rent aforesaid, payable as aforesaid,
unless terminated by a three months' notice, in writing, from either party, of
the desire of such party to terminate the same on the first day of May fol-
lowing the expiration of such three months' notice."

At the expiration of the first year the lease was continued by oral agreement; Dr. Wallace agreeing to an increase of rent to $200. It was also shown that on December 15, 1903, the plaintiff served on Margaret Wallace, individually and as sole executrix of Adam Wallace, notice to surrender possession of the premises to the plaintiff on April 1, 1904. There was evidence the defendant repudiated the landlord's title and the relation of tenant by her abstract of title, which averred "possession adverse to plaintiff since the year 1870" and title under a recorded deed from John S. J. McConnell, treasurer, for said premises, to Adam Wallace, dated October 22, 1901. Upon these facts, and in the absence of any countervailing ones, the right of the plaintiff to recover possession was clear. While possibly the three months' notice to quit on April 1st, instead of on May 1st, as provided by the lease, did not serve to terminate the tenancy, had the tenant stood on her rights as a tenant, yet, having repudiated that relation and disclaimed the landlord's title, her rights to notice as tenant cannot avail her. Jackson v. Collins, 11 Johns. (N. Y.) 1; Crowther v. Lloyd, 31 N. J. Law, 399; Warvelle on Ejectment, p. 74, § 64; Appleton v. Ames (Mass.) 22 N. E. 69, 5 L. R. A. 206; Chamberlin v. Donahue, 45 Vt. 54; Catlin v. Washburn, 3 Vt. 25.

On the termination of the plaintiff's case the defendant's counsel opened her case, and stated that Adam Wallace and his predecessor, Connell L. Rowland, had been in possession of the land in question since 1870, and that defendant will claim the land by adverse possession. A motion was then made by plaintiff's counsel to overrule the opening of defendant's counsel, on the ground that it presented no matter of defense. The court having granted this motion, its action is assigned for error. The practice in the federal courts of this circuit, under such circumstances, is to make an offer to prove the facts intended to be shown, and have an exception noted to the court's rejection of such offer; but for the present purpose we will treat counsel's opening as being, in effect, an offer to prove the facts stated by him. In substance it was an offer by one in possession under lease to set up a title hostile to the landlord. The principle that a tenant cannot, unless the tenancy was brought about by fraud, deceit, or misrepresentation by the landlord, contest a landlord's title, is based on wholesome reason and is firmly established. These.grounds are summarized in Blight v. Rochester, 7 Wheat. 547, 5 L. Ed. 516, where it is said:

"This principle originates in the relation between lessor and lessee, and, so far as respects them, is well established, and ought to be maintained. The title of the lessee is in fact the title of the lessor. He comes in by virtue of it, holds by virtue of it, and rests upon it to maintain and justify his possession. He professes to have no independent right to himself, and it is a part of the very essence of the contract under which he claims that the paramount ownership of the lessor shall be acknowledged during the continuance of the lease, and that possession shall be surrendered at its expiration. He cannot be allowed to controvert the title of the lessor without disparaging his own, and he cannot set up the title of another without violating that contract by which he obtains and holds possession, and breaking the faith which he has pledged and the obligation of which is still continuing and in full operation."

148 F.—43

To the same effect are the cases of Thayer v. Society, 20 Pa. 62, Western Union Telegraph Company v. Penna. R. R. Co. (C. C.) 120 Fed. 380, affirmed 123 Fed. 33, 59 C. C. A. 113, affirmed on writ of error 25 Sup. Ct. 150, 49 L. Ed. 332, and Rankin v. Simpson, 19 Pa. 475, 57 Am. Dec. 668.

That the tenant was in possession prior to the lease and did not obtain possession by virtue of it does not change the rule. In the last case it was said:

"If a purchaser by parol take possession under his contract, and afterward attorn to the vendor as landlord, or fix upon himself any other character than that with which he entered, he lets go his equities, and his possession is referred to his new agreement. And where the agreement, as in this case, is reduced to writing in terms perfectly inconsistent with the idea of a parol sale, it becomes the most faithful memorial which ingenuity can devise or the law adopt."

To the same effect is Thayer v. Society, supra.

The assignments not being sustained, the judgment is affirmed.