## HARRIS *vs.* NORTON and others.

The *date* of a conveyance is only presumptive evidence of the time of delivery.

That presumption does not arise when there is no proof, or acknowledgment, or subscribing witness; and it is utterly repelled when it appears in the proofs that the instrument continued in the hands of the grantor, after its date.

On the 11th of August, 1843, P. and wife executed a mortgage to the plaintiff, dated and acknowledged on that day and recorded on the 17th of the same month. On the 12th day of the same month, P. and wife executed a mortgage on the same land, to N. bearing date the *tenth* day of August, 1843, acknowledged on the 12th, and recorded on the 14th of that month. N. at the time of taking his mortgage, had notice of the prior mortgage of the plaintiff. In 1847, N. foreclosed his mortgage, under the statute, and on the sale of the premises became the purchaser thereof. He afterwards sold and conveyed them by a quitclaim deed, to L. who gave back a bond and mortgage. *Held,* that N. having notice of the prior mortgage, must be deemed to have purchased the premises *mala fide,* so far as the plaintiff's

rights were concerned, and that by such purchase he acquired no greater right, as against the plaintiff, than he possessed before the foreclosure and sale.

*Held also,* that L. could not be considered a *bona fide* purchaser, or as acquiring any better title than N. possessed; he purchasing with notice of the plaintiff's prior mortgage, at a reduced price, and without paying any thing down; and that the plaintiff was entitled to a decree for a foreclosure, and a sale of the mortgaged premises in the hands of L.'s representatives.

To entitle a person to be adjudged a *bona fide* purchaser, he must *aver* and *prove* that he paid the purchase money before notice.

THIS was an appeal by the plaintiff from a judgment entered upon the report of a referee. The facts sufficiently appear in the opinion of the court.

*Sandford C. Parker,* for the plaintiff.

*Geo. F. Comstock,* for Norton.

*Geo. A. Stansbury,* for the other defendants.

*By the Court,* GRIDLEY, J. The complaint in this cause was filed to forclose a mortgage executed by Stephen Prouty and wife to the plaintiff, to secure the sum of four hundred and seventy-eight dollars and ninety-two cents, dated on the eleventh day of August, A. D. 1843, acknowledged the same day, and recorded on the seventeenth of the same month. The same persons executed a mortgage to the defendant John D. Norton on the same land, bearing date the tenth day of August, 1843, acknowledged on the twelfth, and recorded on the fourteenth of August, 1843, for the sum of $1272,69. In 1847, Norton foreclosed his mortgage, under the statute, serving a notice of such foreclosure on Harris as the holder of the other mortgage; and on the sale, became the purchaser of the premises, and afterwards sold them by a quitclaim deed to John Lampson since deceased, who gave back a bond and mortgage, which Norton still holds. The whole matter was submitted to a referee, who found that the plaintiff's mortgage was made on the day of its date; but that the mortgage of Norton was not made till the 12th of the

month, and was antedated to the tenth ; and that Norton had notice of the mortgage of the plaintiff ; but he nevertheless reports against the plaintiff, on the ground that he was guilty of laches in not appearing, and taking the proper steps on receiving notice of Norton's foreclosure of his mortgage ; and on the ground that there was no sufficient notice to Lampson when he purchased, to subject the lands in his hands, or in the hands of his representatives, to the mortgage of the plaintiff.

We are of the opinion that the referee decided correctly in holding that the mortgage of the plaintiff was entitled to be preferred to the mortgage of Norton. It is true that Norton's mortgage was first recorded. It also bears a prior date ; but the date is only presumptive evidence of the delivery. (*Seymour* v. *Van Slyck*, 8 *Wend.* 403.) That presumption does not arise, however, when there is no proof or acknowledgment or subscribing witness ; (2 *R. S.* 22, § 13 ;) and it is utterly repelled when it appears in the proofs that the instrument continued in the hands of the grantor after its date. (*Elsey* v. *Metcalf* 1 *Denio*, 323. *Costigan* v. *Gould*, 5 *Id.* 290.) In this case the evidence is conclusive to show that the mortgage was antedated ; and that Norton was aware when he took it, that a prior mortgage had already been given to the plaintiff. Norton became the purchaser on the sale under the foreclosure of his own mortgage, and must be deemed to have purchased *mala fide*, with a full knowledge of the plaintiff's rights. The plaintiff's mortgage was actually prior to that of Norton, and the latter knew it. A notice therefore to the plaintiff, of the foreclosure of Norton's mortgage, does not, by virtue of the statute, make Norton, when he comes to bid in the premises, a *bona fide* purchaser, nor invest him with any greater rights against the plaintiff than he possessed before the foreclosure and sale. (2 *R. S.* 545, § 8, *and its amendments. Laws of* 1840, *p.* 29, § 8; 1842, *p.* 36, § 8; 1844, *p.* 531, § 5.) It is equally clear that Lampson cannot be considered a *bona fide* purchaser. He was informed that the plaintiff claimed that his mortgage was prior to Norton's. Norton refused to give him any warranty, and sold the premises to him, by a release, and at a reduced price. He vol-

Harris *v.* Norton.

untarily took the position of Norton for the sum which he had bid upon it, when there is every reason to believe that its actual value was much more. Again ; nothing was paid down, and a sum larger than the amount of the plaintiff's mortgage still remains due on the securities executed by Lampson to Norton. A *bona fide* purchaser to be adjudged such, must *aver* and *prove* that he paid the purchase money before notice. (*Jewett* v. *Palmer*, 7 *John. Ch. R.* 65.  5 *Paige*, 644.  2 *Id.* 202.  6 *Barb.* 373.  4 *Paige*, 215.)  In the case under consideration there is no such averment or proof on the part of the representatives of Lampson ; on the contrary it appears that a large sum is still due and unpaid.  As to the question whether Lampson purchased *subject* to the plaintiff's mortgage, we do not intend to express any opinion on this evidence.  That question may hereafter arise, between Norton and Lampson's representatives, when possibly the testimony may be more full as to any actual fraud perpetrated by Norton upon Lampson, in the sale of the premises to him.  But on this evidence, and as against Harris, we are bound to pronounce Lampson a purchaser, *mala fide* as to the plaintiff's mortgage.

There is nothing to prevent the usual decree from passing, for a foreclosure and sale of the premises in the hands of the representatives of Lampson.  The purchase at the sale is only a bar in favor of *bona fide* purchasers.  We have already seen that Norton was *not a bona fide purchaser*.  Lampson purchasing *mala fide* as against the plaintiff could derive no better title than Norton possessed. (*See Laws of* 1844, *p.* 530, § 4 ; 10 *John.* 461.)

Judgment for the plaintiff, reversing the judgment below.

[OSWEGO GENERAL TERM, April 8, 1853.  *Gridley, W. F. Allen, Hubbard* and *Pratt,* Justices.]