# HILLSBOROUGH,

## DECEMBER TERM, A. D. 1855.

### PATTEN *v.* MOORE & *a.*

One who buys property with notice of an existing right of another, will be deemed to have purchased in bad faith, and fraudulently, and can only hold subject to that right.

One who purchases real estate, of which a third person is in the open, exclusive, and continuous possession, will be held to have constructive notice of the title of such third person.

This principle does not apply to unimproved lands, nor to cases where the possession was ambiguous, or liable to be misunderstood.

Where the owner of land conveyed the timber and wood growing upon it, taking back a defective mortgage which was not recorded, it was *held*, that the constructive possession of the seller, as owner of the land, was not notice of his claim to the timber and wood, as to a party purchasing upon the faith in his bill of sale.

An entry upon the land, and taking formal possession of the wood and timber, is not notice to a purchaser of the mortgagee's claim.

It is not material if the mortgage, of which a purchaser has notice, is defective against a *bona fide* purchaser. If it is valid between the parties to it, it will be so against him.

No person can be regarded as a *bona fide* purchaser, until he has paid the consideration of his purchase.

IN EQUITY. The material facts appearing by the bill, answers and proofs, sufficiently appear from the opinion of the court, delivered by

BELL, J. On the 13th of November, 1848, the complainant sold to William Moore, 2d, and William P. Gage, all the wood

and timber on a lot of land in Bedford, to be removed in five years, and executed to them a bill of sale of the property, under seal.  On the same day the purchasers executed to the complainant a mortgage, in the usual form of mortgages of personal property, of the same wood and timber, to secure the purchase money, $5000, payable in five years, with interest annually. This instrument was sealed and delivered by the mortgagors, and had the usual form of the oath required by law, with a certificate of the justice of the peace who drew and witnessed the mortgage ; that the parties, naming them, took and subscribed the above oath ; but the parties, though they were sworn, did not subscribe the oath.  The mortgage was not then recorded. About the 11th of April, 1851, the mortgagors affixed their names to the oath, and about the 3d of November following the magistrate again subscribed his name to the certificate of the oath, his original signature having been previously erased, and the mortgage was then recorded.

After the signatures of the parties were affixed to the oath, in April, 1851, the mortgagee went upon the land, with witnesses, and took formal possession of the standing timber and wood, then lying there in piles, by putting his hand upon some of it, and declaring that he took possession under his mortgage.

On the 14th of October, 1851, Gage sold his interest in this timber and wood to W. Moore, 2d, his partner ; and on the 23d of October, 1851, W. Moore, 2d, conveyed to the defendant, William Moore, " all the wood and timber now standing on the land described in Patten's bill of sale to Moore and Gage." Under this conveyance William Moore, the defendant, commenced cutting till he was restrained by an injunction temporarily issued in this cause.  He now claims the property against Patten, alleging that Patten's mortgage was invalid against him, as a *bona fide* purchaser, it never having been completed and recorded till November 3, 1851.

Two points are made for the complainant :

First, that the mortgage, being valid as between the parties to it at its date, the fact that the timber was still growing on the

complainant's land was such a circumstance as ought to have put the defendant, William Moore, upon inquiry as to the true state of the title to the timber, the result of which inquiry must have disclosed the existence of the plaintiff's mortgage, and the fact of actual possession taken under it, and was equivalent to actual notice.

And, second, that the evidence shows that William Moore, on the 23d of October, 1851, when he took his bill of sale, had actual notice of the existence of the plaintiff's mortgage.

The principle of equity is unquestioned, that one who buys property with notice of an existing right of a third person, either legal or equitable, shall be deemed to have made his purchase in bad faith, and to be guilty of a fraud, so that he will not be permitted to set up his purchase against such right.

In some cases facts, which are in their nature merely evidence of notice, have been so conclusive proof of notice as to be deemed of themselves sufficient notice, and they have been denominated constructive notice. *Rogers* v. *Jones*, 8 N. H. 270 ; 1 Stor. Eq. 387. Thus, for example, notice of a deed, lease or contract, affecting the property, has been deemed constructive notice of its contents, because such notice ought to put a party upon inquiry ; and if such inquiries are not made, it is reasonable to hold that a party has notice of what he would have learned upon proper inquiry. 4 Kent's Com. 179.

And on this principle it has been held that a purchaser, who buys an estate which he knows to be in possession of tenants, is affected with notice of all the facts relating to their estates. 1 Stor. Eq. 389 ; 4 Kent's Com. 179 ; *Daniels* v. *Davison*, 16 Vesey 249 ; *Allen* v. *Anthony*, 1 Mer. 282 ; *Chesterman* v. *Gardiner*, 5 Johns. 29.

And if a person buys land of one person, while it is in the open and visible possession of another, the purchaser will be held to have notice of every thing relating to the title of the occupier, which he would have learned by the most diligent inquiry. These principles, originally adopted in equity, have been generally adopted at law in this country in cases of purchases of one

party, while another holds an unregistered deed. 2 Fonb. Eq. 151 ; *Bealey* v. *Richardson*, 15 E. L. & E. R. 218 ; *Hadduck* v. *Wilmarth*, 5 N. H. 181 ; *Pritchard* v. *Brown*, 4 N. H. 397 ; *Colby* v. *Keniston*, 4 N. H. 262 ; *McMechan* v. *Griffing*, 3 Pick. 149 ; *Hanly* v. *Morse*, 32 Me. (2 Red.) 287 ; *McLaughlin* v. *Shepherd*, 32 Me. (2 Red.) 143 ; *Griswold* v. *Smith*, 10 Vt. 452 ; *Troup* v. *Hurlbut*, 10 Barb. 354 ; *Landes* v. *Brant*, 10 How. U. S. 348.

The rule is founded on the principle that the inference of notice, from the facts proved, is not only probable, but is necessary and inevitable. 3 Pick. 154. It has, therefore, been very properly limited to cases where the character of the property is such as to admit of open, visible and continuous possession, as of buildings and improved lands. 3 Pick. 154 ; *Kendall* v. *Lawrence*, 22 Pick. 540. And to cases where the possession was exclusive and unambiguous ; not liable to be misunderstood or misconstrued. *Great Falls Co.* v. *Worster*, 15 N. H. 412 ; *Bell* v. *Twilight*, 2 Foster 500 ; 3 Pick. 149 ; *Hewes* v. *Wiswall*, 8 Greenl. 98 ; *Butler* v. *Stevens*, 26 Me. (13 Shep.) 484. For example, possession could hardly be regarded as furnishing notice of a title which was acquired after that possession had commenced, unless it is accompanied by such apparent acts of ownership as indicate a change of title. *Rogers* v. *Jones*, 8 N. H. 264 ; *Mathews* v. *Demeritt*, 22 Me. (9 Shep.) 312.

In the present case we think the nature of the property, as being forest land and unimproved, was not such as to bring it within the rule ; and the facts shown relating to the title and possession were not of a character to prove conclusively either bad faith or fraud in the purchaser of the right to this timber. The purchaser had, from the nature of the case, conclusive notice of the complainant's title to the soil, and of the contract of sale of this timber, with all its stipulations ; but there was nothing in any of the circumstances calculated to show that the plaintiff retained any right or interest in this timber beyond what appeared on the face of the bill of sale. The acts of taking possession were not in any respect of the character of that open, exclusive and con-

tinuous occupation, required to constitute constructive notice of title to this timber.

It seems to us, therefore, that upon the facts in proof, the defendant cannot be deemed to have had any constructive notice of the plaintiff's mortgage title. But these facts and circumstances are still evidence to be weighed, with the other more direct evidence in the case, as tending to show notice in fact of the actual state of the rights existing between the plaintiff and Moore and Gage, the original purchasers of this timber. At law, the issue would be upon the point whether William Moore fraudulently purchased the property, knowing the plaintiff's rights, and designing, by trick and cunning, to defraud him of them, and the question would be one to be determined by a jury. Here, from the constitution of a court of equity, it is one ordinarily to be decided by the court upon consideration of all the evidence legitimately bearing upon it.

In the examination of the evidence, we have first given to the answer of William Moore its due weight. He denies unequivocally that at the time of his purchase he had any notice of the plaintiff's mortgage. But he does not allege that he paid or agreed to pay an adequate consideration for the property, or that he has ever paid the consideration he agreed to pay ; and, taking the evidence together, we think it does not show that the consideration named in the bill of sale of William Moore, 2d, to William Moore, $300, was an adequate consideration, the value being estimated by some of the witnesses at $1300. In judging of the *bona fides* of the transaction, a grossly inadequate consideration is a very important circumstance. *Harris* v. *Norton*, 16 Barb. 264. The nature of the transaction between the original parties, the value of the property, the large amount to be paid, the limited means of Moore and Gage, all tend to raise the suspicion, rather, perhaps, to give the impression, that a mortgage would of course be taken by the plaintiff for his security. And when to these circumstances we add the testimony of three witnesses, that the defendant, William Moore, was present and heard a conversation, in which the fact of a mortgage made by

Moore and Gage to Patten was distinctly stated, the evidence seems to us clearly to outweigh his denial in the answer.

It is no answer to this to say that the mortgage was at that time invalid. As between the parties, a mortgage is sufficient without any oath, and without either possession or recording. Rev. Stat. 248, ch. 132, sec. 7. And in that case, if before, or at the time of his purchase, William Moore had notice that there was even a defective and voidable mortgage, as to a *bona fide* purchaser, he was chargeable with notice of all the facts at that time existing relative to that mortgage, and at best would stand in no better position than Moore and Gage. *Dunbar* v. *Tredennick*, 2 B. & B. 319.

But the circumstance to which we have before adverted, that the defendant, William Moore, does not allege in his answer that he has paid any consideration for the assignment of this property, is fatal to his claim to be considered a *bona fide* purchaser. His statement on this subject is merely "that the said William Moore, 2d, on the 23d day of October, 1851, bargained and sold to this defendant all the wood and timber then standing on the tract of land before described, with the right of cutting and removing the same from said tract of land within two years from the first day of November, A. D. 1851; and that he never knew, heard or understood that said Samuel Patten had said mortgage, or claimed to hold said logs, wood and timber, by virtue of the same, until after the third day of November, 1851, nor had he any intimation of the existence of said mortgage until he was informed of it by said Patten, after he had had it duly recorded, on the third day of November, A. D. 1851."

A purchaser of real estate is not be regarded in equity as a *bona fide* purchaser, entitled, in the absence of notice, to hold against a prior claimant, if he has notice of the equity of the latter before the payment of the purchase money, or the execution of the deed. 4 Kent's Com. 180; *Merritt* v. *Northern Railroad*, 12 Barb. 605; *Harris* v. *Norton*, 16 Barb. 264.

"The purchase money must be actually paid, not merely secured to be paid, before any notice is received, for otherwise the

purchaser would not be hurt." 2 Mad. Ch. 323 ; *Hardingham* v. *Nichols*, 3 Atk. 304 ; *Jewett* v. *Palmer*, 7 Johns. Ch. 65 ; *Gouverneur* v. *Lynch*, 2 Paige 300 ; *Grimstone* v. *Carter*, 2 Paige 421 ; see 2 Put. Eq. Dig. 661, Vendor, VII., 6.

There must, therefore, be a decree in favor of the plaintiff.

*D. & D. J. Clark*, for the plaintiff.

*Clarke & Bell*, and *Morrison*, for the defendants.