MAY TERM 1840.

GREEN & YARNALL adm'rs. of YARNALL dec'd v. YARNALL.

Green & Yarnall adm'rs of Yarnall vs. Yarnall.

1. A deed only takes effect from its delivery: but the possession of the deed by the grantee, is presumptive evidence of a delivery.

2. In a doubtful state of facts, the acquiescence of an adverse claimant is entitled to great weight; but, otherwise where the facts are well established, and the parties seem to have been in a state of ignorance as to law.

Error to the circuit court of St. Charles county.

*Bird for Plaintiff.*

1. The plaintiff here insists that the court erred in instructing the jury on the evidence before them, that said deed passed no title to plaintiff, and the covenants in it did not stop the defendant from maintaining his action.

2. The court also erred in rejecting the evidence offered by defendant below. Revised Code of Missouri page 745, sections 31, 32, 33.

*Gamble for Defendant.*

1. That the paper offered as a deed of gift was rightly rejected. 2 Kent 354. Revised Code of Mo. 1825, page 745, sec. 31.

2. That the instruction given by the court was certainly not wrong; and I ask how this court can say that the evidence offered was of any sort of relevancy on the trial of the issue.

*Opinion of the court delivered by Tompkins Judge.*

The administrators of John Yarnall brought their action of detinue against John Yarnall, the plaintiff in error, in the circuit court of St. Charles county, and having obtained a judgment in that court, John Yarnall comes into this court, on his writ of error, to reverse the judgment of the circuit court.

On the trial of the cause the defendant offered in evidence a deed, in these words, viz: "Know all men by these presents that, I John Yarnall of &c., do give, grant, bargain and sell unto my son John Yarnall, a certain tract, or parcel of land, lying and situate in the county of St. Charles, &c., and I do furthermore give, grant, bargain and sell, unto my son John, all my negroes as follows, Jack, Tom, Sam, &c., to him, and for his use, his heirs, executors and administrators forever. And I do, by these presents, bind myself,

my heirs, executors and administrators, to warrant and defend the above described premises and negroes, to my son John, and his heirs, executors and administrators forever, &c." This deed was dated the 21st day of November, in the year 1830, and recorded on 6th Augu. t 1831.

MAY TERM 1840.

Green & Yarnall adm'rs of Yarnall, vs. Yarnall.

The plaintiff then produced Philo Gillet, a subscribing witness to the said deed, who testified that he wrote the deed, under the direction of the deceased, and subscribed it as a witness at his request; that John Yarnall, the defendant in the circuit court and plaintiff in error, was then under age, and was not present when the deed was drawn; that the deceased said, he should keep possession of the deed and the property until his death, and he knew of no delivery. The defendant then produced Robert Samuels as a witness, who testified, that a short time before the death of the maker of the deed, he, the witness, had a conversation with him, and advised him to give one of his negroes to his son in law Forman; that the deceased replied, that the negro was not his, he had given all his negroes, and the land where he lived, to his son John at his own death, and made him a deed therefor; he stated that John was a cripple; and he had enough property left to give his other children a start. The court decided that this deed could not be read to the jury, that it did not pass the property to the donee, and that the covenants of warranty in said deed, did not estop the administrators from maintaining their action. To this opinion the defendant excepted. The defendant then proved, that he remained a minor on the land, in the deed mentioned, until after the death of his father; that he took possession of the said negroes immediately after the death of his father; that one of the administrators of the deceased had, since the death of John Yarnall, hired some of the negroes from the defendant; that the widow of the deceased contracted with the defendant as the owner of said negroes; that the adminiistrators had settled their accounts, and that more than three years had expired since they had taken out letters of administration; that all the debts had been paid, and that a balance due the estate had been distributed equally to the thirteen other children of the deceased, excluding the de-

MAY TERM
1840.

Green & Yar-
wall adm'rs.
of Yarnall.
vs.
Yarnall.

fendant from any share in the distribution. This evidence was excluded by the court. The defendant then offered in evidence the inventory of the estate of the deceased, to show that the administrators had not considered the slaves as a part of the property of the deceased. This also the court decided to be no evidence against the claim of the administrators.

At the close of the bill of exceptions are found these words: "Philo Gillet testified, in addition to what is above stated, 'that he had heard a sister of the defendant say that, a short 'time before the death of her father, the defendant was 'attending him one day when the father fell asleep; 'that the defendant left the room; when he awoke 'he called for the defendant, who came; that the father said 'to John, have I not done enough for you to induce you to 'attend to me? I have made you a deed for the land and all 'the negroes; gave him the key of his bureau, and told John 'to go and get the deed and read it; the sister said whether 'John went and got the deed, or not, she did not take notice."

There is no evidence of the delivery of this deed to the defendant, by the father. The testimony of both the witnesses shows that the deceased never intended, when he made the deed, to deliver either the deed or the negroes, into the possession of his son in his life time, and a deed not delivered can not certainly pass any thing.

A deed on-
ly takes effect
from its deliv-
ery: but the
possession of
the deed by
the grantee,
is presump-
tive evidence
of a delivery.

The witness introduced by the defendant himself testifies, that the deceased, in disclaiming any property in these negroes, stated that he had given the negroes and land to John at his death, and had made a deed. It is useless to enquire what might have been the intention of the deceased apart from the legal effect of this deed. We cannot resort to testimony to give any signification to the language of the deed, other than what the words themselves and the character of the instrument import. Even the hearsay evidence, of what the sister of the plaintiff in error said, amounts to nothing more than a permission to take the deed and read it, in order that he might know its contents. In general, it is pre-

MAY TERM
1840.

Green & Yar-
nall adm'rs of
Yarnall.
vs.
Yarnall.

sumed that a deed is delivered when it is found in the possession of the person to whom it is made. But here enough has been proved to make it the duty of John Yarnall, plaintiff in error, to show that this deed was delivered.

But even if a delivery were proved, still the statute law intervenes and declares, that no gift of any slaves shall be good, or sufficient to pass any estate in such slaves, unless the same shall be by will duly proved and recorded, or by deed in writing to be proved by two witnesses at least, and acknowledged by the donor, and recorded in the district, [circuit] court, [in the county] where one of the parties live, within eight months after the date of such deed, or writing, or unless possession be delivered of such slaves.— See sections 31 and 32 of a law respecting slaves page 745 of the digest of 1825.

This deed was made on the first day of November 1830, and not recorded till the 6th day of August 1831.

The circuit court then, in my opinion, committed no error in excluding all this evidence from the jury. But, for the defendant, it is contended that the acquiescence of the administrators, and of the widow, for so long a time, in his right, ought to avail him something. In a doubtful state of facts the acquiescence of an adverse claimant ought to weigh much. But the facts are well established, and the parties seem to have been in a state of ignorance as to the law. It would be moreover unjust if the acquiescence of the administrators, and the widow, should be construed to the prejudice of the claims of the children of the deceased.

For the reasons above given, the judgment of the circuit court ought in my opinion to be affirmed.

McGirk Judge not prepared to concur in the foregoing opinion.

*In a doubtful state of acquiescence of an adverse claimant is entitled to great weight; but, otherwise where the facts are well established, and the parties seem to have been in a state of ignorance as to the law.*