## ELSEY *vs.* METCALF.

On a motion for a new trial, the court will not examine a decision of the circuit judge against the party who obtained the verdict, unless the point is such that when correctly determined it would render a new trial useless.

Since the revised statutes, the presumption that a deed was delivered on the day it bears date, does not prevail in respect to deeds not acknowledged or proved, and which have no subscribing witness.

Such presumption never obtains where the deed is proved to have been in the hands of the grantor at a period subsequent to its date.

The sending of a deed by the grantor to a stranger, or the deposite of it in a public office, is not a delivery to the grantee unless it is so sent or deposited *for his use.*

EJECTMENT for lands in Eagle, in the county of Allegany, tried at the circuit court for that county in October, 1843, before MONELL, late C. Judge.

Both parties claimed under Leverett Whitcomb, who was in

possession until the spring of 1839, when he removed to the state of Michigan, leaving a tenant upon the premises.

The plaintiff gave in evidence a deed to himself from L. Whitcomb and his wife, dated 19th November, 1839, acknowledged before a judge of the supreme court of Michigan, on the 3d of September, 1841, and recorded in the clerk's office of the county of Allegany, on the 23d of May, 1842. The defendant admitted that he was in possession at the time of the commencement of the suit, and the plaintiff rested.

The defendant gave in evidence proceedings under the provisions of the revised statutes concerning attachments against absconding, concealed and non-resident debtors, commenced before a supreme court commissioner, and continued before the first judge of the county of Allegany, against L. Whitcomb as a non-resident debtor, and a deed to himself, executed by trustees appointed pursuant to such proceedings, dated the 15th day of May, 1841, which was recorded on the 15th day of July in the same year. The first publication of the notice required by the statute was on the 14th December, 1839. The defendant having had notice of the plaintiff's deed, when he purchased, did not claim any priority on account of the earlier record of his own conveyance. The defendant then rested.

Orace V. Whitcomb was then examined as a witness on behalf of the plaintiff, and testified that he was a brother of L. Whitcomb, and resided in the county of Allegany; that the deed to the plaintiff, which had been given in evidence, was sent to the witness by L. Whitcomb in a letter which the witness received at the post office in Pike, Allegany county, on the 3d or the 4th day of December, 1839, and that the same remained in his hands until the 7th day of the same month, when he deposited it in the clerk's office of Allegany county. The letter was not produced, nor did it appear for what purpose the deed was sent to the witness.

Several questions arose respecting the regularity of the proceedings against L. Whitcomb, but as they were determined by the circuit judge in favor of the defendant, and the plaintiff had a verdict, no opinion was given upon them here.

Elsey *v.* Metcalf.

The defendant's counsel requested the judge to charge that if the plaintiff's deed was not delivered to and received by him prior to the first publication of notice under the attachment, the plaintiff was not entitled to recover.

The judge, among other instructions to the jury, stated that if the plaintiff's deed was delivered prior to the 14th December, 1839, when the first publication was made, it was valid, and that the fact that it bore date the 19th November, 1839, afforded *prima facie* evidence that it was executed and delivered on that day.

The jury found a verdict for the plaintiff. The defendant moves for a new trial on a case.

*John Young*, for the defendant, insisted that the circuit judge was in error in charging the jury that the deed was presumed to be delivered on the day it bore date. If such a rule existed, he maintained that it was only applicable between parties and privies to the deed, and did not affect the defendant who claimed in hostility to it. He cited 1 *R. S.* 738, § 137, to shew that a deed which has no attesting witness does not take effect against a creditor or purchaser until it is acknowledged or proved, and urged that the defendant could avail himself of that objection here, though it was not taken at the circuit; for when the deed was given in evidence at the circuit, the defendant had not shewn himself in a situation to take that objection, but that after the defendant had proved himself a purchaser, it behoved the plaintiff, in order to maintain the priority of his deed, to shew that it had had the genuine signature of an attesting witness.

*C. P. Kirkland*, for the plaintiff. Nothing whatever was said at the circuit about the absence of a subscribing witness. If the defendant was not in a situation to make the objection when the deed was first produced, he could and ought to have done so when presenting his propositions to the judge respecting the charge to be given to the jury. As the case stands, the court should intend that the deed *had* a subscribing witness.

The judge was right in his charge as to the presumption

arising from the date of the deed. (*Jackson* v. *Hill*, 5 *Wend.* 532.) At all events the deed was delivered when it reached the hands of O. V. Whitcomb, or when he left it at the clerk's office, the last of which events was prior to the first publication of notice under the attachment. A delivery, to a stranger for the use of the grantee is good. (*Church* v. *Gilman*, 15 *Wend.* 656.) The counsel went into a critical examination of the proceedings upon the attachment to shew that they were irregular and void.

PER CURIAM. We cannot upon this motion determine upon the validity of the proceedings upon the attachment against L. Whitcomb. The circuit judge decided against the objections to them now taken, and thus prevented the defendant from giving other evidence, which perhaps he might have furnished if these objections had prevailed. To deny him a new trial on account of erroneous decisions in his favor might work injustice. The rule is to examine the decisions made by the circuit judge against the party who has lost the verdict, and to grant or refuse a new trial according as we find them erroneous or otherwise. If the point ruled against a party who has succeeded. at the circuit when rightly determined, presents an obstacle which it is impossible to overcome, then, and only in that case, can it be relied on to prevent a new trial. In this case the difficulties though apparently formidable may possibly be surmounted.

We think the judge erred ·in holding that the deed afforded *prima facie* evidence that the day inserted for its date was the time of its delivery. Since the revised statutes this is not the rule as to a deed not acknowledged or proved and having no subscribing witness. But the presumption never prevails against direct evidence. Here, there is affirmative proof that some time after the date of this deed it was in the hands of the grantor. This destroys the presumption of a delivery at its date.

It is urged that the sending it in a letter to O. V. Whitcomb was a delivery, or if not, that the depositing it in the clerk's office by him had that effect. This might have been so if it had been shewn that it was so sent or deposited *for the use of*

*the grantee;* but the character of O. V. Whitcomb's agency is wholly unexplained, and for aught that appears he received and deposited it for the use of the grantor, who may have retained the control of it until it was committed to the plaintiff's counsel, to produce at the trial. There must be a new trial at which these difficulties may be explained.

New trial granted.