### COSTIGAN *vs* GOULD.

Where nothing appears to show that a deed was not executed on the day it bears date, the law presumes it was executed at that time.

But when it is shown that it was *ante-dated*, the date furnishes no indication of the time of its actual execution.

Where in ejectment for dower it was shown that the plaintiff's husband had been long seized of the premises; and the defendant in order to show that he had conveyed before the marriage, produced a deed from him dated four months before, but which was proved to have been executed after its date and to have been designedly ante-dated, and which was proved and recorded some time after the marriage, but the subscribing witness could not say when it was actually executed; *held* that the defendant, to sustain his position, was bound to show its actual execution to have been prior to the marriage.

*Held* also, that the fact of ante-dating the deed furnished a presumption that it was executed after the marriage, and that an earlier date was inserted to over-reach the title to dower.

EJECTMENT for dower, tried at the Albany circuit in April, 1843, before CUSHMAN, late Cir. J.

The plaintiff claimed dower in the premises described in the declaration, as the widow of Francis Costigan, who died in August, 1840. It was proved, on the part of the plaintiff, that Costigan purchased the premises in fee, in 1799, and was in possession until the year 1839; that on the 7th day of September, 1839, he intermarried with the plaintiff. Having proved these facts, and that the defendant was in possession at the time of the commencement of the suit, the plaintiff rested.

The defendant gave in evidence, two deeds from Francis Costigan, one to D. B. Anderson, bearing date May 1st, 1839, by which Costigan in consideration of an agreement by An-

derson to support and maintain him during his natural life, conveyed to Anderson a life estate in said premises. By the certificate of proof endorsed upon it, signed by Anthony Gould, commissioner of deeds, it appeared that on the 7th day of November, 1839, it was proved by the oath of Ira Harris, the sole subscribing witness to its execution, and it appeared to have been recorded on the same day. The other deed was to Francis C. Anderson and others, children of said D. B. Anderson, conveying said premises to them in fee subject to the life estate of D. B. Anderson. The last mentioned deed bore date on the same lay, and was proved and recorded in all respects like the one irst mentioned.

The judge held that the jury were authorized on this proof to find that these deeds were executed at the time they bore date, and that such was the presumption of law in the absence of proof to the contrary. The defendant's counsel excepted.

The plaintiff called Ira Harris, who testified that the deeds were both executed on the same day; that it was not on the day they bear date, but some time afterwards, and that they were ante-dated; that he could not say when they were executed, nor but that it was in October, 1839, though he believed it was before that time, yet he could not say it was before the seventh day of September, in that year. He said that Costigan and D. B. Anderson came to his office together and procured him to draw the deeds, and stated to him that they had made a verbal agreement between themselves, and desired the deeds to be drawn according to that agreement, which was accordingly done, and that he ante-dated the deeds by their direction; that the deeds were left with the witness, he agreeing to have them proved and sent to the clerk's office to be recorded; that he laid them aside, and did not think of them again till the sixth day of November following, when Anderson called at his office to get them, and he then went and proved them before Mr. Gould.

The plaintiff proved that D. B. Anderson went into possession of the premises about the twenty-sixth day of April,

1839, and that Costigan lived with him from that time until his intermarriage with the plaintiff.

The judge charged the jury that in the absence of proof to the contrary, the law would presume that the deeds were executed on the day of their date; but as it was proved they were in fact executed after the date, it was a fact for the jury to determine whether they were executed before or after the marriage between the plaintiff and Costigan, as the right to recover depended upon the seizin of the husband at the time of the marriage. The plaintiff excepted to the charge, and requested the judge to advise the jury that the fact that the deeds were antedated was a circumstance of fraud, and there being no explanation of that fact, it was a strong circumstance to show that the deeds were executed before the marriage; and he also asked that the jury might be charged that there was no evidence that the deeds were executed anterior to the marriage. The judge declined so to charge, and added that whether there was an explanation of the fact of ante-dating was for them to determine, and that there was some evidence for the consideration of the jury tending to show that the deeds were executed before the marriage. The plaintiff's counsel excepted to the refusal to charge, and to the charge as given. Verdict for the defendant. The plaintiff moves for a new trial on a case.

*J. J. Burton & R. W. Peckham,* for the plaintiff. The husband having been long seized of the premises, the burthen was on the defendant to show that he had parted with his title before the marriage. The production of a deed bearing date shortly before the marriage, but confessedly ante-dated, by design, proved nothing, except an intention to mislead. It was for the defendant to show when it was in fact executed, and this he failed to do. It being admitted that the usual index of the time of execution had been falsified for some purpose not explained, the jury should have been told that the presumption on the whole evidence was against the existence of the deed anterior to the marriage; or rather that the defendant had failed to prove a fact incumbent on him to show and that the

Costigan *v.* Gould.

plaintiff was entitled to recover. The charge that there was some evidence of the prior execution of the deed and some explanation of the fact of ante-dating was manifestly erroneous. The verdict was clearly against evidence.

*H. Harris,* for the defendant. The presumption is that the date of a deed is the true time of its execution. (*Seymour* v. *Van Slyck,* 8 *Wend.* 403 ; *Cowen & Hill's Notes,* 298.) If the evidence of ante-dating rebutted this presumption, it raised a question of fact which was fairly submitted to the jury.

*By the Court,* BEARDSLEY, Ch. J. On the 7th of September, 1839, the plaintiff intermarried with Francis Costigan, and thus acquired an inchoate right of dower in all the real estate whereof he was then seized in fee simple. The land in which dower is now sought to be recovered had been conveyed in fee to said Costigan in 1799, and he remained seized thereof at the time of the marriage, unless the deeds given in evidence by the defendant, and which bore date on the first of May 1839, had been executed before the marriage took place. The only question of any moment, made on the trial, was as to the time when said deeds were executed, and, as that was a question of fact for the jury, the verdict cannot be disturbed if the charge of the judge was correct.

Where nothing appears in the evidence to show that a deed was not executed at the time when, by its date, it purports to have been, the law presumes it was executed at that time. (1 *Shep. Touch.* 72 ; *Cowen & Hill's Notes, p.* 298.) On this point there was no error in the charge of the judge. But as there was positive evidence that the deeds were not executed until sometime after their date, that furnished no indication whatever of the time when they were in fact executed. The defendant set up that the execution of the deeds preceded the marriage, and he was bound to maintain that allegation. He held the affirmative of the issue, and if he failed to maintain it, the plaintiff would be entitled to a verdict in her favor. And I must say that after a careful scrutiny of the evidence in

the case, I am unable to find any thing to warrant the conclusion that these deeds were executed before the marriage took place.

It appears by the deed to Daniel B. Anderson that the life estate was conveyed to him in consideration of an agreement on his part to support and maintain said Costigan during his natural life. It was also shown that said Anderson went into possession of the land embraced in the deeds, about the first day of May, and from which time Costigan resided with him until the marriage took place. If it had not been conclusively established that the deeds were executed sometime after the day of their date—which was the first of May—the fact that Anderson then went into possession and commenced his support of Costigan, would have rendered it probable that the deeds were then executed. But this supposition was utterly overthrown by the evidence in the case, which showed that the true time of the execution of said deeds was, at least, a considerable space of time after their date. There is nothing then in that date, or in the fact of possession taken and support furnished, which tends at all to show that these conveyances were made before or after the day of the marriage.

Nothing then remains to show the true time but the evidence of the subscribing witness, Mr. Harris. He knew they were executed some time after they bore date and before the 7th of November, 1839, for on that day he proved their due execution before a commissioner; but he was unable to say they were not executed in October of that year, although he believed they were before that time. No time in particular was suggested by him, and he said expressly that " he could not say they were" executed " before the 7th day of September, 1839." This was the all important day, for then the plaintiff acquired a right to dower. No circumstance was mentioned by the witness tending to show that the deeds were executed before the day of the marriage, nor did he express a belief that such was the fact. In these respects the case was barren of all evidence ; indeed, every thing stated by this witness, seems to me to have tended strongly to show that the deeds were executed after the 7th of

September rather than before that day. But the burden of maintaining that the deeds were executed before the marriage rested on the defendant, and unless there was a preponderance of proof in his favor the verdict must necessarily pass against him.

There was one fact stated by this witness which, if not absolutely decisive, seems to me very important on this question. Mr. Harris says he was directed by the grantor, Costigan, and one of the grantees, Daniel B. Anderson, to ante-date the deeds, but it does not appear that any reason for this direction was given by them to the witness. We must not, however, infer from this that they acted without a motive or an object in giving the direction, and if the evidence discloses no obvious cause for it, if the deeds were executed at one period, and none whatever can be imagined if they were executed at a different period, that circumstance may enable us to determine satisfactorily, that the true time was subsequent to the marriage. If the deeds were made before the marriage took place, no cause or object is shown for ante-dating them ; but if the marriage had already taken place the object is then most palpable, for ante-dating the deeds was the only mode by which it could be hoped to cut off the plaintiff's right of dower. I know that chicanery and fraud are not to be presumed ; still, they may be proved ; and I cannot suppress my strong conviction that these deeds were ante-dated for the sole purpose of depriving the plaintiff of a right to dower which then existed in her favor. I would not have it supposed that Mr. Harris is regarded as a party to any such contrivance, for there is nothing to cast the slightest suspicion upon him. He did as he was directed, not being apprized of the object, whatever it may have been, in ante-dating the deeds.

I think the judge should have told the jury plainly that it was for the defendant to show affirmatively that these deeds were executed before the marriage, and if he had failed to establish that fact the plaintiff was entitled to a verdict ; that it must be assumed the grantor and the grantee, who directed the deeds to be ante-dated, had some object in giving that di-

rection, and acted with a view to some end. And as no motive was shown to exist, if the deeds were executed prior to the marriage, while a very controlling one was shown, if they were made after the marriage, this was cogent evidence that the latter was the true time. If these views had been given to the jury it is hardly probable they would, upon the evidence as stated in this case, have found for the defendant. At all events the case is a very proper one to be presented to another jury, with such instructions as will bring their minds to a consideration of the real points involved in it. There should be a new trial.

New trial ordered.