## CARSON *v.* FOLEY.

A conveyance merely voluntary, is not fraudulent *per se*, as to existing creditors.

The want of consideration may be a badge of fraud; but it is only presumptive, and not conclusive evidence of it; and may be met and rebutted on the other side.

Where in a cause in chancery, the complainant sought to enjoin the respondents from selling certain real estate under execution, alleging that he owned the same by conveyance from one of the respondents, and the respondents admitted the conveyance, but alleged that the land was a gift to the wife of complainant, and there was no consideration for the same, which was denied by the complainant; and where, upon the trial of the cause, the complainant offered the said conveyance in evidence, and there was no evidence showing that the land was a gift, or that the deed was made without consideration, and thereupon the respondents were perpetually enjoined from selling the land on the execution; *Held*, 1. That the deed to the complainant was sufficient *prima facie* evidence of his title, and of a good consideration; 2. That the complainant having produced a *prima facie* good title in himself, the burden of proof was on the respondents, to avoid the deed, by showing the want of consideration; 3. That the respondents having failed to furnish such proof, they were properly enjoined.

*Appeal from the Dubuque District Court.*

IN September, 1847, John Foley and wife conveyed to Carson, the complainant, the quarter section of land in controversy. In October, 1849, Harrington recovered a judgment against Foley, and in October, 1850, an execution was issued thereon, and levied upon said land, and the same was advertised for sale as Foley's property. Thereupon, Carson brought this suit to enjoin the sheriff, Harrington, and Foley, from selling the land, or from interfering in any way with his right or possession thereto, averring in his bill that he owned the same by conveyance from Foley; that Foley had

no title or interest in the land; and that such levy and advertisement threw a cloud over his title, and affected the value of his property. To this, Foley answers, admitting the conveyance, but says it was a gift to the wife of Carson, who was his daughter; that he received no consideration; and that at the time he was in debt, but supposed he had sufficient to pay his creditors. Harrington also answers, but it contains nothing material to be noticed, except that his debt was contracted before the conveyance to Carson, which is not denied or controverted. The other defendant, the sheriff of the county, makes a mere formal answer, reciting that he was acting under the execution, and submits to the order of the court in the premises. The complainant replies, denying all the new matter in Foley's answer, and averring there was a good and sufficient consideration for the conveyance to him. The case was heard on the pleadings and depositions, and a decree entered perpetually enjoining defendants from levying upon and selling the land on this execution. From this decree, the defendants appeal.

*Smith, M'Kinlay & Poor*, for the appellants.

*Hempstead & Burt*, for the appellee.

WRIGHT, C. J.—The record presents no sufficient reason for disturbing this decree. Did the correctness of the decree depend alone, upon the question whether there was or was not a valuable consideration, for the conveyance of Carson, we should not be inclined to disturb it. Carson avers in his bill and replication, that he paid a valuable consideration; this Foley denies, and avers it was a gift. No testimony is taken by defendants, and there is no proof anywhere to sustain this allegation in the answer. On the contrary, the deed, which is made an exhibit, and which is admitted, imports the consideration of one hundred and eighty-six dollars. The testimony shows, that Carson has lived upon the land for a number of years, both before and after its entry; has made valuable improvements thereon; that he had done

work from time to time for Foley, before the conveyance; that Foley had spoken of it as Carson's land, and was present when Carson staked out the claim, before it was entered; that it was bought at the land sales in the name of one Langworthy, as Carson's claim or land, and at the same time that Foley's land was bought by the same person; and that Langworthy deeded all the land to Foley by arrangement between the parties, and with the understanding between them, that Foley could deed to Carson his portion, which he afterwards did.   When the complainant introduced his deed, it was sufficient *prima facie* evidence of his title, and of a good consideration.   The burden of proof was then thrown upon the defendants, to impeach it.   They had averred that the land was conveyed as a gift to Carson's wife, and then, by connecting this, with proof of indebtedness on the part of Foley, at that time, it was proposed to subject the land to execution.   This part of the answer is entirely unsustained.   And the defendants having volunteered to levy upon the land, and Carson having produced a *prima facie* good title in himself, the burden of proof was on them to avoid it; otherwise, they were properly enjoined.   *Briggs* v. *French*, 3 Sumner, C. C. 251.   We might, therefore, without going any further, be clearly sustained in affirming this decree.   But it is claimed, that Foley was in debt at the time of the conveyance to Carson, and that it being voluntary, it was, therefore, fraudulent as against creditors.   In other words, we understand it to be claimed, that if the conveyance was voluntary, it was fraudulent and void, *per se*, as against existing creditors, of whom Harrington was one; and, therefore, the land was subject to the writ.   We do not think this the law, and therefore, independent of the proof as to the consideration, and granting it to have been a voluntary conveyance, we should not disturb the decree. We are aware that the rule was laid down to the extent claimed by defendant's counsel, by Chancellor Kent, in the case of *Reade* v. *Livingston*, 3 Johns. Ch. 500; and that this is sustained by other authorities entitled to much weight. But we understand the current of decisions, not only in this

country, but in England, to be the other way. And Justice Story, after referring to this case in 3 Johns., and also to the several important cases in the English courts and in this country, involving the question, concludes his review, by saying, that "if the question were now entirely free from the bearing of *dicta* and opinions in earlier times, there is much reason to believe, that it would settle down into the proposition (certainly most conformable to the language of the statute of 13 Eliz.), that mere indebtment would not *per se* establish, that a voluntary conveyance was void, even as to existing creditors, unless the other circum- stances of the case, justly created a presumption of fraud, actual or constructive, from the condition, state, and rank of the parties, and the direct tendency of the conveyance to impair the rights of creditors." Eq. Jurisp. § 365. And in the case of *Gale* v. *Williamson*, 8 Mees. & Welsb. 405, it is held, that a voluntary deed, made in consideration of love and affection, is not necessarily void as against creditors of the grantor, either at common law or the statute of Eliz., but that it must be shown from the actual circumstances, that the deed was fraudulent, and necessarily tended to delay or defeat creditors. In this position we are also sustained, by repeated decisions of the Supreme Court of the United States, and of several state courts. *Hinde's Lessee* v. *Long- worth*, 11 Wheat. 199; *Salmon* v. *Bennett*, 1 Conn. 525; *Verplank* v. *Sterry*, 12 John. 536; *Jackson* v. *Town*, 4 Cow. 604; *Wickes* v. *Clarke*, 8 Paige, 161; *Sexton* v. *Wheaton*, 8 Wheaton, 229; 5 Ohio, 71; 1 McLean, 116; 4 Vermont, 389; 1 American Leading Cases, 67. The rule which com- mends itself to our minds, as the most reasonable and best sustained by the authorities, is, that expressed in 11 Whea- ton, above cited: "The want of consideration may be a badge of fraud; but it is only presumptive, and not conclu- sive, evidence of it, and may be met and rebutted on the other side." In this case, granting the conveyance to have been voluntary, we see no circumstances justly creating a presumption of fraud, actual or constructive. At the time of the conveyance, it is admitted that Foley had some five

hundred acres of valuable lands: he says he was in debt, but how much, there is no effort to show ; on the contrary, he says himself in his answer, that he, at the time of the conveyance, supposed that he had property sufficient to pay all his debts, without said tract, and still leave him with a good place. And this is the sum and substance of the showing of his indebtedness.

Without referring further to the other positions assumed by complainant's counsel, in support of the decree, we conclude it must be affirmed, for the reasons already stated.