Genter *v.* Morrison.

---

## GENTER *vs.* MORRISON.

Where a deed is not acknowledged previous to delivery, it must be attested by at least one witness; or it will not take effect, as against an incumbrancer or purchaser, until it is acknowledged.

The presumption that an instrument was executed and delivered at the time it bears date does not hold in respect to deeds in fee, unattested and unacknowledged.

Whether such a deed was actually executed and delivered at the time it bears date, or not, is a question of fact for the jury; and if the evidence upon it is conflicting, the case should be submitted to them.

THIS was an action brought to recover the possession of a house and lot, situate in Springfield, Otsego county. The plaintiff claimed and proved title by virtue of a sheriff's deed, conveying to him all the right and title of Benjamin Barrett

to the premises, dated January 6, 1854. The defendant claimed the right to the possession of the premises, under and by virtue of a quitclaim deed from Barrett to one Calvin P. Smith, dated June 14, 1848. The deed was delivered to Smith, and he entered into possession of the premises. He subsequently rented the same to the defendant, and the latter had ever since continued to occupy the premises, under Smith. The deed to Smith was not acknowledged previous to its delivery, nor had it any attesting witness. When it was produced in evidence, on the trial, it had indorsed upon it the following certificate of acknowledgment:

" Otsego county, ss : On this 24th day of April, 1852, before me personally came Robert Morrison, subscribing witness to the within conveyance, to me known, who being by me duly sworn, did depose and say that he resided in the town of Springfield, in said county ; that he knew Benjamin Barrett, the individual described in and who executed the said conveyance ; that he was present and saw the said Benjamin Barrett sign, seal and deliver the same as and for his act and deed, and that the said Benjamin Barrett then acknowledged the execution thereof ; whereupon the said Robert Morrison became the subscribing witness thereto, at the request of the said Benjamin Barrett, and on the day of the date thereof.

ALBERT COTES, Justice of Otsego county."
The name of the defendant, Morrison, was also subscribed, at the foot of the attestation clause, as an attesting witness to the execution and delivery of the deed ; but it appeared that it was not so subscribed at the time the deed was executed, nor until the 12th day of April, 1852. The plaintiff, on the trial, claimed that the deed from Barrett to Smith was a forged deed, and the defendant proved by eight witnesses that the deed was the deed of Barrett, and that the body of the deed as well as the signature was in Barrett's handwriting. The plaintiff gave no evidence against the genuineness of the deed. After the evidence was closed, the plaintiff's counsel moved the court to strike out the evidence of said deed from Barrett

to Smith, and objected to the same on the ground that the deed was not acknowledged or properly proved, so as to entitle it to be read in evidence. Also, that the execution and delivery of the deed was not attested by a witness as required by statute, and was therefore void and of no effect against the plaintiff, *who was a purchaser in good faith,* and the plaintiff's counsel asked the court so to charge and decide as a question of law. The court refused to strike out the evidence, and refused to charge or decide as requested by the plaintiff's counsel, and the plaintiff excepted. The judge then nonsuited the plaintiff, and the counsel for the plaintiff excepted.

*L. I. Burditt,* for the plaintiff.

*D. C. Bates,* for the defendant.

*By the Court,* PRATT, J. It is very clear from the evidence of the justice who took the acknowledgment, that the conveyance under which the defendant claims title was not attested by a subscribing witness until the time of the first acknowledgment.

The principal question in the case is upon the effect of a deed thus unattested and unacknowledged. The revised statutes (1 *R. S.* 738, § 137) require every grant in fee, if not duly acknowledged previous to delivery, to be attested by at least one witness, and, if not so attested, it shall not take effect as against a purchaser or an incumbrancer until so acknowledged. The statute makes no exception, in terms, in favor of a purchaser in good faith. And if it did, it would not affect this case, as the plaintiff claims under a judgment, and the statute is explicit that it shall not take effect as against an incumbrancer.

What the effect would be in a case where the proof showed beyond controversy that the conveyance was actually delivered and possession taken under it at the time of its date, it is not necessary in this case to determine. The statute makes no exception, in terms, in favor of such purchasers.

In this case there was clearly a fair question of fact for the jury to find whether the deed in question was actually exe-cuted and delivered at the time of its date, or not. It was held in *Elsey* v. *Metcalf*, (1 *Denio*, 323,) that the presump-tion that an instrument was executed and delivered at the time it bears date does not hold in relation to deeds in fee, unattested and unacknowledged. Without the aid of such presumption, in this case, and upon the evidence alone, the proof was, to say the least, conflicting upon this point. Has-well's testimony would tend to show the affirmative; but the testimony of Genter and Tracy, accompanied with the circum-stances that the defendant attempted to procure a fraudulent acknowledgment to be certified upon it, would tend to cast doubt upon the correctness of Haswell's testimony. It was clearly not a case for a nonsuit.

New trial granted.

[Oneida General Term, January 5, 1857. *Hubbard, Pratt, Bacon* and *W. F. Allen*, Justices.]