## MANNING & CALDWELL v. PERKINS.

1. EVIDENCE: GENUINENESS OF SIGNATURE. In an action on a promissory note, evidence of the genuineness of the signature to an indorsement will not be required when it appears from the pleadings that no direct issue was joined thereon.

2. CONTEMPT : DOES NOT AFFECT JUDGMENT. That the court below refused to compel a witness to produce letters in response to a *subpœna duces tecum* issued at the instance of the appellant is not sufficient ground for reversing the judgment below.

*Appeal from Warren District Court.*

MONDAY, APRIL 18.

THIS action was tried before a Justice of the Peace, March 21, 1862. The cause of action was a promissory note made to Bowman and Floyd, which plaintiffs claim was indorsed to one Nind, and by Nind to them. Defendant being unsuccessful before the justice, moved the cause to the District Court, by writ of error, and the judgment of the justice being there affirmed, he appeals to this Court.

*C. C. Cole* and *Lewis Todhunter* for the appellants.

I. The assignment of the note by the payees and by their assignees to the plaintiff, being denied under oath, such assignments were not admissible without proof *aliunde* of their genuineness. 1 Chitt. Pl., 484; Rev. Stat. 1843, p. 471, § 12; Laws of 1852, chap. 108, § 1; Rev. 1860, § 2967; *Chambers* v. *Games*, 2 G. Greene, 320; *Edmond's Assignee* v. *Montgomery*, 1 Iowa, 143; *Sands* v. *Wood*, Id., 263; *Lyon* v. *Bunn*, 6 Id., 48; *Seachrist* v. *Griffeth et al.*, 6 Id., 390; *Thompson* v. *Abbott & Co.*, 11 Id., 194; *Terhune* v. *Henry & Carmichael*, 13 Id., 99.

II. The second point involves the question of the right of the party to have the compulsory process of the law to secure justice, by compelling the production of evidence.

*H. W. Maxwell* for the appellee, as to the first point, cited Rev. 1860, § 2967; *Terpenning* v. *Gallup et al.*, 8 Iowa, 74; *Stadler Bros. & Co.* v. *Parmelee & Watts*, 10 Id., 23; to the second point, *Greenough, Cook & Co.* v. *Shelden et al.*, 9 Iowa, 506; 1 Greenl. Ev., 559.

WRIGHT, C. J.—1. It is claimed that the justice erred in allowing plaintiff to introduce the note in evidence, without proof of the genuineness of the signatures to the indorsements thereon. The cause was tried before the taking effect of chap. 28, Laws of 1862, and, as a consequence, must be decided without reference to its provisions. It is claimed that § 2967 of the Code was in force; that this section applies alone to the genuineness of the signature to the note or instrument upon which the action is founded, and having no reference to indorsements, their genuineness must be established, whether denied under oath or not. Without now inquiring how far the common law rule obtains in this state, or examining the several positions assumed by appellee's counsel, we remark that the

state of the pleadings did not require this proof. The genuineness of these signatures was not actually in controversy, and aside from statutory enactments, we are not disposed to require the former precise and strict proof of the common law, unless in a case where the pleadings or circumstances fairly demand it. In this instance, defendant admits the making of the note, and then, instead of denying the genuineness of the signatures to the supposed indorsements, "denies that said note was or has been assigned." In the same connection, however, the answer avers "that the attempted assignment is without authority and fraudulent, and for the purpose of preventing said defendant from setting up and pleading the want of consideration to said note." The body of the answer shows that the substantial defense was a want of consideration, and that what is said about the transfer of the note was to show that it was colorable merely, and should not exclude the proposed defense. Under such circumstances there was no error in receiving the note in evidence, without proof of the signatures. 2 Greenl., §§ 16, 158.

2. A witness stated that he had received letters from plaintiff, "pertaining to the note in dispute," but did not think they contained anything about the matter, more than that the note was sent for collection. He also insisted that the "letters were his private correspondence," and though duly subpenaed, refused to produce them. Defendant then moved for an attachment against the witness, which was refused, and this is now complained of, as error.

· We are not aware of any rule, which in this proceeding will give appellant the benefit of this supposed erroneous action of the court below. A party cannot complain because a court has failed or refused to institute a proceedings necessary to vindicate its own dignity. The failure of the witness to produce the letters was, at most, but a contempt of court, and an attachment issues for this cause,

Davenport Savings Fund Association v. The N. A. Fire Insurance Company.

and not because of any damage or injury to an individual or party. Code, § 4016; 1 Greenl., 319; *The First Congregational Church* v. *The City of Muscatine*, 2 Iowa, 69.

Affirmed.

COLE, J., was of counsel, and took no part in the determination of this case.