## SAVERY v. BROWNING.

1. **Liens:** ATTACHMENT AND UNRECORDED DEED. The lien of an attachment does not take precedence of a prior unrecorded deed.

2. **Evidence:** EXECUTION OF DEED. Where a sworn answer does not deny the execution of a deed, but avers that it was not executed *for a valuable consideration*, if it is properly acknowledged, proof of its genuineness and validity is not, under the statute, necessary to its admission in evidence.

3. —— DATE. As between the grantee and a creditor of the grantor, the date which a deed bears is *prima facie* evidence of the date of its execution, especially when it does not appear that the party was a creditor at the date of the deed.

4. **Pleading:** REPLICATION. When an answer does not set up a counter-claim, cross-demand or set-off, a replication is unnecessary.

5. **Equity:** ADEQUATE REMEDY AT LAW. That a party plaintiff in an equitable proceeding has an adequate remedy at law, is no ground, under section 2673, for abating or dismissing the action, especially in an appellate court, where no such claim was made at any stage of the proceeding in the court below.

*Appeal from Polk District Court.*

WEDNESDAY, APRIL 5.

PETITION, in equity, to remove cloud upon plaintiff's title.

1. For the named consideration of $3,000, one Andrew J. Stevens, on the 18th day of April, 1856, executed a warranty deed to the plaintiff for the land in dispute.

Savery v. Browning.

The acknowledgment bears date 18th April, 1856, but the deed was not recorded until Nov. 24th, 1857.

2. Before this deed was recorded, viz., September 3, 1857, the defendant, Browning, a creditor of said Stevens, procured an attachment to be issued against Stevens, and levied upon the property embraced in Stevens' deed to the plaintiff. In 1859, Browning recovered judgment against Stevens in the attachment action; in August, 1859, special execution issued thereon, the property above named levied upon and sold to Browning, who, in January, 1861, received a sheriff's deed for the premises.

The petition alleges the foregoing facts, and also that the attachment, judgment, sheriff's sale and deed are regular, and constitute a cloud upon the plaintiff's title, to remove which this suit is instituted.

The answer admits that Stevens had title to the land on the 18th of April, 1856. Denies that, for a valuable consideration, Stevens conveyed to the plaintiff, as alleged. Says, upon information, that the consideration which plaintiff was to pay Stevens for the real estate has wholly failed. Does not personally know when the deed from Stevens to plaintiff was executed and delivered, but believes and charges that it was not until after the levy of the attachment. Says his purchase at the sheriff's sale was *bona fide*, and without notice.

This is the substance of the answer, which was verified by an agent of the defendant. It contains no prayer for relief.

Decree upon the pleadings and evidence for the plaintiff, as asked in his petition. Defendant appeals.

The points relied on by him to reverse the decree will be noticed in the opinion.

*Williamson & St. John* and *C. C. Nourse* for the appellant.

*J. M. Elwood* and *S. Sibley* for the appellee.

DILLON, J. — I. As the plaintiff's deed from Stevens was of date prior to the levy of the attachment, and as it was recorded prior to defendant's purchase under his execution, the plaintiff's title is, under the decisions in this State, the better one. This is upon the assumption that the plaintiff's deed was executed and delivered to him *before* the defendant's attachment was levied, and that it was not fraudulent as to the creditors of Stevens. *Norton, Jewett & Busby* v. *Williams,* 9 Iowa, 528; *Welton* v. *Tizzard,* 15 Id., and prior cases there cited.

*1. LIENS: attachment and unrecorded deed.*

II. On the trial, the deed from Stevens to Savery, of April 18th, 1856, was offered in evidence. The defendant objected, on the ground "that its genuineness was denied by the answer under oath, and its genuineness and validity must *first* be proven by the plaintiff before the same could go in evidence in the case." The court overruled the objection, and permitted the deed to be read in evidence without such proof, to which the defendant excepted at the time.

*2. EVIDENCE: execution of deed.*

We do not understand that the answer denies the *execution* of the deed in such a sense as to require independent proof of its execution. The answer denies that, for a *valuable consideration,* Stevens conveyed to the plaintiff. Other portions of the answer impliedly admit the existence of the deed. The signature was not denied. Being duly acknowledged, its due execution not being denied under oath, it was properly admitted to be read in evidence, without further proof. Rev., §§ 4001, 2967; and see *Manning & Caldwell* v. *Perkins,* 16 Iowa, 71.

III. The plaintiff proved by the records the defendant's attachment, judgment, execution, sheriff's sale and deed, as before stated, and his deed from Stevens of date April 18th, 1856, which was read in evidence.

*3. ———: date.*

This was all the testimony offered in the cause. The defendant now makes the point, that while the deed of

April 18th, 1856, might be *prima facie* evidence as against Stevens; that it was executed and delivered, as of the *date* it purports to be; and that the consideration named had been paid by the plaintiff, and received by Stevens; it is not even *prima facie* evidence of these facts as against creditors of Stevens. In other words, the defendant contends that, as against him, the burden is on the plaintiff to show by evidence *aliunde:* First. That the deed was executed and delivered before the date of the defendant's attachment; and, Second. That it was founded upon a valuable consideration. The plaintiff maintains that the *onus* in these respects is upon the defendant. Upon this point the authorities are not in accord.

The weight of authority, and the better reasoning, we think, are with the plaintiff, the more especially where, as in this instance (and further we are not called upon to decide), there is no proof that the attachment or execution plaintiff was a creditor *at the date* when the prior conveyance purports to have been made and acknowledged. (*De Bosse* v. *Young*, 14 Ala., 139; *Falkner* v. *Leith*, 15 Id., 9; *Hundley* v. *Buckner*, 6 Sin. & Mar., 70; *Brown* v. *Bartee*, 10 Id., 268, denying *McCain* v. *Wood*, 4 Ala., where a different result was reached.)

Mr. Best, in his Treatise on Presumptions, in considering " Presumptions drawn from the habits of society," says: "It may be stated, as a general rule, that, *prima facie*, all documents must be taken to have been made on the day they bear date. * * * So a deed is presumed to have been executed (*Anderson* v. *Weston*, 6 Bing. N. C., 296) *and delivered* on the day it is dated," citing *Stone* v. *Grebbum*, 1 Ro. R., 3, pl. 5; *Offley* v. *Hicks*, Cro. Jac., 264; Best on Pr., § 133, p. 181 (Eng. ed.). It will be seen by the authorities cited below, that this rule is generally recognized in this country. In the case at bar, Savery *the grantee being in possession* of the deed duly acknowledged, this

furnishes a presumption, though not a conclusive one, that it was *delivered* to him. (*Firemen's Insurance Company* v. *McMillan*, 29 Ala., 147, and cases cited on p. 160; *Dawson* v. *Hall*, 2 Gibbs (Mich.), 390; *Chandler* v. *Temple*, 4 Cush., 285; *Houston* v. *Stanton*, 11 Ala., 412; *Den* v. *Furlee*, 1 N. J., 279; *Insurance Company* v. *Cole*, 4 Flor., 359; *Green* v. *Yarrell*, 6 Mo., 326; *Foster* v. *Perkins*, 42 Maine, 168; *Loomis* v. *Pingree*, 43 Id., 297; *Genter* v. *Morrison*, 31 Barb., 155; 1 Denio, 323; *Bensley* v. *Atwill*, 12 Cal., 231.)

So a similar *prima facie* presumption of *delivery* arises from the fact that a deed duly made and acknowledged has been recorded. (*Elsie* v. *Metcalf*, 1 Denio, 323; 31 Barb., 155; *Haines* v. *Norton*, 16 Id., 264; *Boardman* v. *Dean*, 34 Penn., 252; *Bullitt* v. *Taylor*, 34 Miss. (5 George), 708; 37 Id., 492; *Balbec* v. *Donaldson*, 2 Grant's Cas. (Pa.), 459; *Ingraham* v. *Grigg*, 13 S. & M., 22; *Rowell* v. *Hayden*, 40 Maine, 582; *Mitchell* v. *Ryan*, 3 Ohio St., 377, and cases there cited, and those *supra*.)

For the reason assigned by Mr. Best, *supra*, and for the further reason, that the acts of persons are presumed to be consistent with truth, in the absence of motives to falsify, and for the kindred reason, that fraud is not to be presumed, the presumption of law is, there being nothing in the particular case to repel or rebut it, that a deed was not only executed but *delivered* at its date, and upon the consideration recited therein, and this applies as against creditors coming in or claiming under the grantor, certainly as against persons not shown to be creditors of the grantor at the *time* of the deed. This presumption has been applied in a great variety of cases. (*De Bosse* v. *Young*, 14 Ala., 139; *Hundley* v. *Buckner*, 6 Sm. & Mar., 70; (10 Ed., 268); *Ford* v. *Gregory*, 10 Ben Mon., 175; *McConnell* v. *Brown*, Litt. Sel. Cas. (Ky.), 454. On one point, compare last two cases with *Henderson* v. *Major*, 8 Md. Rep., 352; *Barry* v. *Hoffman*, 6 Md. Rep.,

78; *Elsey* v. *Metcalf*, 1 Denio, 323; *Haines* v. *Norton*, 16 Barb., 264; *Swetzer* v. *Lowell*, 33 Maine, 464; *Syerly* v. *Wheeler*, 12 Ind. (Law), N. C., 290; *Newlin* v. *Osborne*, 4 Jones (Law), N. C., 157; *Costigan* v. *Gould*, 5 Denio, 290; *contra*, *Kimball* v. *Fenner*, 12 N. H., 248; and see 2 L. Cas. in Eq., 124.) This rule negatives the idea of the existence of any presumption of law, that the date of filing for record is *prima facie* the time of delivery. (*Bull* v. *Griswold*, 19 Ill., 631, 634. The case of *Carson* v. *Foley*, 1 Iowa, 524, is substantially a decision against the appellant's theory.)

IV. The appellant's point, that the answer sets up new matter in the nature of a cross-petition under oath, and 4. PLEADING: that these allegations required a replication, or replication. otherwise they are admitted, has no ground to rest upon. By reference to the statement, it will be seen that the answer neither sets up a counterclaim, crossdemand, or set-off. No replication is necessary.

V. The appellant next claims that the plaintiff "had an adequate remedy at law." The plaintiff's case is fully set 5. EQUITY: forth in his petition. Suppose, for the argument, adequate remedy at that the plaintiff could have enforced and settled law. his rights by an action of ejectment, or by resorting to the special proceeding authorized by § 3602 of the Revision. Still no objection of this kind, so far as the record shows, was taken in the court below. If it had been, the error could have been corrected by amendment. That a party has an adequate remedy at law is, under our statute, no longer a ground for the abatement or dismissal of the action (Rev., § 2613), especially in the appellate court, where no such claim is made in the answer, and, so far as the record shows, at any stage of the proceedings in the court below.

Affirmed.