Traer v. Lytle.

## TRAER V. LYTLE.

1. **Practice:** DEMURRER AND MOTION. Under the Revision of 1860, a demurrer is not applicable to the question whether a proceeding should have been by law or equity, or by bill in equity, rather than by motion.

2. —— A demurrer to a petition in equity to compel the clerk to satisfy a judgment record, on the ground that the plaintiff's remedy, under section 3146, Revision 1860, was by motion, should have been overruled.

*Appeal from Benton District Court.*

WEDNESDAY, APRIL 18.

THE material facts are stated in the opinion.

*Traer & Conklin* for the appellant.

*S. P. Vanatta* for the appellee.

WRIGHT, J. — The petition charges that defendant obtained judgment against one Armstrong, which was a lien upon certain real estate, afterwards bought by plaintiff of said Armstrong; that this judgment was paid; that defendant was asked and requested to enter satisfaction thereof on the proper

1. PRAC-
TICE:
demand and
motion.

records, which he refuses and neglects to do, but claims and insists that said judgment is in full force and effect; that he refuses to allow the clerk to enter the proper satisfaction, whereby a cloud is cast upon the plaintiff's title, &c. The prayer is, that the clerk may be decreed to enter satisfaction of said judgment upon the appropriate records, and for such other and further relief, &c.

Defendant demurred. The demurrer was sustained, upon the ground "that by section 3146 of the Revision plaintiff should have proceeded by *motion* to discharge said judgment."

The demurrer was improperly sustained. Assuming that plaintiff is "*interested* in said judgment," within the meaning of said section, and that he should have pursued the summary remedy therein prescribed, the objection should have been taken by *motion* and not by demurrer. Under the Revision, a demurrer is not applicable to the question whether a proceeding should have been by law or equity, or by bill in equity rather than by motion. *Coyningham* v. *Smith et al.*, 16 Iowa, 471; *Byers* v. *Rodabaugh*, 17 Id., 53. In some cases the controversy might be speedily settled by motion, as contemplated by the section referred to (§ 3146), others, involving the consideration of much testimony, oral and documentary, might most appropriately belong in chancery. And hence the propriety of having the objection taken by motion instead of demurrer.

This is not one of the causes for which a party can demur under section 2876 of the Revision. And see section 2618; and *Savery* v. *Browning*, 18 Iowa, 246; *The Key City Gas Light Company* v. *Munsell*, Id., and authorities there cited; also *Lansdale* v. *Mitchell*, 14 B. M., 349.

Reversed.