GWYER v. FIGGINS and FIGGINS.

| 37 | 517 |
| 84 | 254 |
| 37 | 517 |
| 92 | 428 |
| 37 | 517 |
| 105 | 644 |
| 37 | 517 |
| 129 | 396 |

1. **Pleading:** EFFECT OF FILING REPLICATION. The filing of a replication where no set-off, counter-claim or cross-demand is contained in the answer, does not in any respect affect the burden of proof, and the case stands the same as though no replication had been filed.

2. **Fraudulent conveyance:** VOLUNTARY CONVEYANCE. A voluntary conveyance is not fraudulent *per se* as to existing creditors.

3. **Pleading:** INTERROGATORIES. A party answering interrogatories annexed to a pleading is not confined to answers merely responsive, but may state any new matter concerning the cause of action, and the same may be read by either party the same as a deposition in the case.

4. **Fraudulent conveyance:** PROOF OF INSOLVENCY. A court of equity will not interfere to annul a voluntary conveyance claimed to be fraudulent as against judgment creditors, unless the insolvency of the debtor is shown by return of *nulla bona* or other satisfactory proof.

*Appeal from Washington District Court.*

FRIDAY, DECEMBER 5.

THE plaintiff in his petition alleges that on the 19th day of September, 1872, he recovered in that court a judgment against the defendant George Figgins for the sum of $200.99 with costs and interest; that afterward, on the 12th day of October, 1872, an execution was issued on said judgment, which was on the 15th day of October, 1872, returned *nulla bona*, and said judgment remains unpaid and in force.

The petition further states that after the creation of the indebtedness on which said judgment was rendered, to wit: on the 8th day of March, 1872, one John P. Spittler conveyed by deed of general warranty to the defendant Elizabeth Figgins, wife of the defendant George Figgins, certain described lands, which deed was filed for record March 16, 1872, and that said Elizabeth Figgins still holds the legal title to said lands, and together with her husband occupies and controls the same.

It is further averred that the consideration which passed to said Spittler for the lands thus conveyed by him to said Elizabeth Figgins was certain brewery property in Washington

county, the title of which was in said George Figgins and was by him conveyed to said Spittler, said Elizabeth uniting in the deed and relinquishing her dower therein; that said Elizabeth did not own said brewery property and had no interest therein except her inchoate right of dower; that she paid no money or property of her own for the property conveyed to her by Spittler, but the same was purchased with the money and property of her husband, George Figgins, and the deed therefor taken in her name, for the purpose of cheating and defrauding the plaintiff and other creditors of George Figgins.

The plaintiff also annexed to his petition the following interrogatories, which he asked should be answered under oath by each of the defendants:

1. What was the consideration by you or either of you paid John P. Spittler for the real estate described in Exhibit "A," and how was it paid, in money or in property?

2. If paid in whole, or part in property, to whom did it belong, and by whom was the means furnished for the purchase of the same? And if any money paid, by whom, and who furnished it?

3. If you state in answer to last interrogatory that defendant Elizabeth Figgins owned any of the property exchanged, or furnished any of the money paid for said real estate, purchased from John Spittler, state the source from which she obtained such property and money, or either. State particulars in full.

4. If Elizabeth Figgins owned any of the real estate exchanged, state from whom she purchased it, what consideration, and the character of the same, she paid therefor, and time, place and name of person from whom she received and obtained her individual and separate means.

5. From whom was the brewery property purchased by you, and what was given therefor—money or property—and who owned the property or furnished the money so given or exchanged for said brewery property?

6. Has Elizabeth Figgins ever at any time had any separate property or estate of her own. If yea, from what source did she obtain it? State amount and what has been done with same.

Upon the allegations of the petition the plaintiff prayed for a decree subjecting the land conveyed by Spittler to Elizabeth Figgins to the payment of his judgment.

The defendants answered as follows:

1. "They admit that Henry Gwyer obtained judgment in the district court against George Figgins as is alleged in said petition.

2. As to the issuing of an execution, and the return made thereon, these respondents have no knowledge or information sufficient to form a belief.

3. It is true that John Spittler made deed to Elizabeth Figgins at the time stated and for the real estate described, and that said deed is recorded as alleged. It is true that said defendants now occupy said premises.

4. It is true that George Figgins conveyed to Spittler for said premises certain real estate on which there was a brewery and which at the same time these defendants occupied as a homestead. It is true that said Elizabeth Figgins did not own said brewery property and had no interest in it beyond her homestead and prospective or inchoate dower interest. That said brewery property was bought with the products of a former homestead.

It is not true that the deed made from Spittler to Elizabeth Figgins was for the purpose of defrauding the plaintiff. But the defendant George Figgins was indebted to said Elizabeth Figgins in the sum of $500, and in consideration of said indebtedness and in consideration of the said brewery property being the result of their joint labor, and in consideration that said Elizabeth had united with the said George Figgins in conveyance of former homesteads, the title of the said real estate in dispute was put in the said Elizabeth Figgins' name.

In answer to 6th, these defendants say said Elizabeth had a separate estate of her own, which she received from her father. She had two horses, one cow, and seven fat hogs, all of which were by said George Figgins converted to his own use, and

for which he owed said Elizabeth, at the time of the convey-
ance referred to, $500 or thereabouts, interest and principal.

The cause was submitted to the court on the pleadings, and
a decree rendered for the plaintiff, from which the defendant
Elizabeth Figgins appeals.

*McJunkin & Henderson* for the appellant.

*G. G. Bennett* and *A. R. Dewey* for the appellee.

MILLER, J.—I. The questions properly before us on the
record in this case arise upon the petition and answer. A
replication traversing the affirmative statements
1. PLEADING.    of the answer was filed, but the answer not con-
taining the allegations of set-off, counter-claim, or cross-
demand, no reply was required or proper. Revision, § 2895;
*The Davenport Savings Fund Association* v. *The N. A.
Insurance Co.*, 16 Iowa, 74; *Smith* v. *Milburn*, 17 id. 30;
*Clark* v. *Cress*, 20 id. 50; *Savery* v. *Browning*, 18 id. 246;
*Adams* v. *Peck*, 14 id. 508. So that the filing of the replica-
tion did not in any respect affect the burden of proof or the
case. The case stands, in all respects, the same as if no
replication had been filed.

II. It is insisted by the plaintiff that the admission of the
defendants, in their answer, to the effect that the property con-
veyed to Spittler by appellant and her husband,
2. FRAUDULENT  as the consideration for the land conveyed to her
CONVEYANCE.
by Spittler, was owned exclusively by her husband, is sufficient
to entitle the plaintiff to the decree rendered in his favor.
We think otherwise. Even if this be taken as an admis-
sion that the conveyance to the appellant was without con-
sideration (which it is not), still, this alone does not ren-
der the conveyance void. A mere voluntary conveyance
is not fraudulent *per se* as to existing creditors. *Carson* v.
*Foley*, 1 Iowa, 524, and cases cited on p. 527.

With the admission in the answer that the property con-
veyed to Spittler, in consideration for the land conveyed to the
appellant, was owned by her husband, George Figgins, it is

alleged that the property thus conveyed was the homestead of Elizabeth Figgins and her husband, purchased with the proceeds of a former homestead; that the husband was indebted to her in the sum of $500, of her own separate funds which, long before the plaintiff's claim accrued, she had placed in his hands; and that in consideration that she would join in the conveyance of her homestead, and also in consideration of said indebtedness from her husband, the deed to the land in controversy was made to her. All intention or purpose of defrauding the plaintiff is denied.

If the property conveyed to Spittler was the homestead of the defendants, it was, even in George Figgins' name, not liable to be taken to satisfy the judgment of the plaintiff, so far as appears on this record. A conveyance of the homestead by the husband alone would have been of no validity. *Alley* v. *Bay*, 9 Iowa, 509. It was the *homestead* of the wife as much as that of the husband, although the legal title thereto was in him, and the relinquishment of her *homestead right*, by joining in the execution of the conveyance thereof, was a good and valuable consideration, which, in the absence of fraud, was sufficient to support the conveyance to her of the land in controversy, at least to the extent in value of the homestead right. There is nothing in the case to show that the land exceeds the value of that right.

III. The plaintiff submitted interrogatories with his pleading, which he required to be answered under oath by the defendants. The answers to these interrogatories are entitled to be read in evidence as a deposition. Not only that which is merely responsive to the interrogatories, but the party answering may state any new matter concerning the same cause of action, which may likewise be read as a deposition. Revision, §§ 2985, 2986. The only evidence, therefore, which we have is found in the answer of the defendants. Upon this evidence, the alleged fraud is not proved, but the *bona fides* of the transaction established.

3. PLEADING.

IV. Again, the plaintiff has not shown himself entitled to relief in equity even if the conveyance to the appellant was

**4. FRAUDULENT CONVEYANCE.** shown to be fraudulent. He has not shown that his remedy is not perfect at law, against George Figgins. It is alleged in the petition that the plaintiff caused execution to be issued on his judgment, which was rendered *nulla bona*. This is denied in the answer, and there is no proof whatever in support of the allegation. The current of authorities hold that such a return is necessary to enable the plaintiff to come into a court of equity and ask its aid to set aside an alleged fraudulent conveyance. It has been held, however, by this court, that, although such return of *nulla bona* may, in legal contemplation, be the more *satisfactory* method of establishing the fact of insolvency, yet, that such fact may be proved by other means and in other ways. *Postlewait et al.* v. *Howes et al.,* 3 Iowa, 365, 383. It is not proved in any manner in this case.

The appellant is entitled, on the case as submitted, to a decree dismissing plaintiff's petition on the merits, and for costs, which is directed to be rendered in the court below, or, if appellant so elects, such decree will be entered here.

Reversed.