# N. Y. COMMON PLEAS.

ELIJAH J. DE RONDE *et al.* agt. CHAS. OLMSTED *et al.*

*Mechanics' lien — contract with claimants — when lien attaches.*

Where there is no evidence at the trial to show that the defendant had an interest in the leasehold premises upon which a lien was claimed and judgment demanded, until after the contracts with the claimants were made, the defendant cannot be made liable.

*General Term, June,* 1874.

*F. Tillou,* for appellants.

*C. P. Hoffman,* for respondents.

LARREMORE, *J.*—The plaintiffs were copartners in business, as carpenters and builders, and allege that, between November 4, 1870, and March 7, 1871, at the request of the defendant, Charles Olmsted, and in pursuance of an agreement to that effect, they performed labor and furnished materials in altering and repairing the building and premises No. 335 Spring street, in the city of New York, of which said defendant was then the owner, and for which he was indebted to them, on March 7, 1871, in the sum of $1,640, and for which, on the 4th day of April, 1871, they duly filed, in the proper office, notice of a lien in pursuance of the statute.

Plaintiffs then demand judgment, directing a sale of all the right, title and interest of said defendant in said premises, at the time when said lien was filed or which he has since acquired, and also a personal judgment for any deficiency that might arise on such sale.

De Ronde agt. Olmsted.

The defendant denies that any agreement was ever made with him, and avers that the labor and materials referred to were furnished under a contract therefor between said plaintiffs and one Cyrus Olmsted, and on his sole credit, and for which they had been paid on account by said Cyrus the sum of $2,371.63, and which they had failed fully to perform according to the terms thereof.

The defendants, McManus and Murray, were subsequent lienors and filed notices of their respective liens April 4 and 11, 1871, and to which the same defense was interposed as in the case of the plaintiffs.

The defendant, Hazard, was made a party on account of an assignment of a leasehold interest of said premises to him, but said assignment was not recorded until after said liens were filed.

Judgment was rendered against the defendant, as prayed for, in favor of each of the lienors for the amount of their respective claims, from which the defendant appeals. Hazard has not appealed and is concluded by the judgment.

In order to charge the defendant or his leasehold interest with the claims in question, it must be affirmatively shown that the liens were acquired in pursuance of some contract made or ratified by said defendant as the owner of said premises or by his duly authorized agent (*Laws* 1863, § 1).

The evidence fails to establish this fact. The contracts in dispute were all entered into with Cyrus Olmsted; payments made thereon by him, which were received and accepted by the several claimants. He was in actual possession and occupation of the premises, and continued therein until March, 1871, when most of the work and materials for which this action is brought had been furnished.

That Cyrus acted as the agent of Charles was positively denied by each; nor could such inference be drawn from the facts proved.

Charles Olmsted had no interest in the leasehold which could be made the subject of a lien until the delivery to and

De Ronde agt. Olmsted.

acceptance by him, on or about March 1, 1871, of the lease thereof from Silas Olmsted.

The instrument took effect from the time of its delivery and not from its date (*Jackson* agt. *Schoonmaker*, 2 *John.*, 230; *Same* agt. *Bard*, 4 *id.*, 231; *Same* agt. *Phipps*, 12 *id.*, 418), and particularly where, as in this case, there was direct proof as to the time of the delivery (*Ellery* agt. *Metcalf*, 1 *Denio*, 323; *Harrison.* agt. *Norton*, 16 *Barb.*, 264; *Costigan* agt. *Gould*, 5 *Denio*, 290).

Whatever suspicion may attach to the circumstances surrounding the negotiation for the new lease and the surrender of the old one, the uncontradicted and unimpeached testimony of the defendant and his son Cyrus upon this point must control the decision.

There being no evidence to sustain the findings of the referee, as to the defendant's ownership and liability at the time said contracts with the claimants were made, the judgment entered thereon should be set aside (*Draper* agt. *Stommal*, 38 *N. Y.*, 219; *Fellows* agt. *Northrop*, 39 *id.*, 117; *Mason* agt. *Lord*, 40 *id.*, 476; *Sheldon* agt. *Sheldon*, 51 *id.*, 354).

The judgment herein should be reversed, and a new trial ordered, with costs to abide the event.

ROBINSON, J., concurred.